RHODE ISLAND HOSPITAL TRUST NATIONAL BANK *vs.* MALCOLM B. POST, individually and as trustee.[1] No. 89-P-666. October 10, 1989.

*Mortgage*, Partial release.

After bringing this action seeking payment of three promissory notes on which Post[2] had defaulted, the plaintiff bank obtained a preliminary injunction against Post, enjoining him from conveying any of the trusts' assets including a parcel of ninety-seven acres of land owned by Crossroads Realty Trust. The plaintiff bank held a second mortgage on that parcel. Subsequent to the issuance of the injunction, Post entered into a purchase and sale agreement for two acres of that parcel and obtained the consent of the first mortgagee to the sale. The plaintiff bank as second mortgagee refused to assent and to give a partial release of its second mortgage. Post sought and obtained an order modifying the outstanding injunction. The modification required the bank to give a partial release of its second mortgage on the two acres.

The bank's second mortgage does not contain a clause requiring it to grant partial releases. Indeed, the mortgage provides that the "sale . . . or other disposition . . . of any interest in all or any portion of the [c]ollateral" will be an event of default making all of Post's liabilities to the bank immediately due and payable at the bank's option.

On the bank's application to a single justice of this court, the order of modification was stayed, and the appeal, see G. L. c. 231, § 118, second par., expedited.

We conclude that the preliminary injunction should not have been modified. The absence of a clause requiring the bank to release any portion of the property and the provision expressly making all obligations immediately due and payable upon sale or other disposition of "any portion" of the collateral make clear that the mortgage contract as written does not require the bank to provide a partial release. See *Federal Land Bank* v. *Clinchfield Lumber & Supply, Co.*, 171 Va. 118, 123-126 (1938); *Jones Land & Livestock Co.* v. *Federal Land Bank*, 733 P.2d 258, 262-263 (Wyo. 1987); *Miller* v. *Federal Land Bank*, 587 F.2d 415, 420 (9th Cir. 1978, applying Montana law), cert. denied, 441 U.S. 962 (1979). See also *Duff* v. *United States Trust Co.*, 327 Mass. 17, 20 (1951). By compelling the bank to give a partial release, the judge did not give effect to the contract as written by the parties.[3]

---

[1] Post was sued in his capacity as trustee of Harbor Point Realty Trust, Bradford Realty Trust and Crossroads Realty Trust. He had executed a note to the bank as trustee of each of these trusts and had individually guaranteed each note.

[2] For purposes of this opinion, it is unnecessary to specify in which of Post's several capacities (see note 1, *supra*) he was acting.

[3] The question whether Post will be entitled to any relief after a full trial is not before us and we in no way suggest the outcome to that query.

Another reason also leads us to the conclusion that the preliminary injunction should not have been modified. Post was in default on the mortgages, and in such circumstances, even if the Crossroads Realty Trust mortgage had contained a clause authorizing partial releases, such a clause, absent compelling circumstances, would not be enforceable. See *Duff* v. *United States*, 327 Mass. at 20-21; *Sheehan* v. *Aniello*, 19 Mass. App. Ct. 621, 626 (1985).

The order modifying the preliminary injunction is vacated.

*So ordered.*

*Lawrence J. Crowley, Jr. (Isaac H. Peres* with him) for the plaintiff.
*Lawrence R. Kulig* for the defendants.